IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRIAN SANDRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-CV-6029-SJ-DGK |
| ) | |
| CENTURION MEDICAL PRODUCTS ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER GRANTING MEDICAL RECRUITERS'S MOTION TO DISMISS**

Plaintiff Brian Sandridge ("Sandridge") brought this age-discrimination lawsuit against Defendant Centurion Medical Products Corporation ("Centurion"), which interviewed him for a job but decided not to hire him. Sandridge alleges that Defendant Medical Recruiters ("Medical Recruiters") assisted Centurion in its hiring decisions.

Now before the Court is Medical Recruiters's motion to dismiss the complaint for lack of lack of personal jurisdiction and for failure to state a claim (Doc. 9). Holding that the complaint fails to establish jurisdiction over Medical Recruiters, the Court GRANTS the motion.

**Background**

For the purposes of deciding this motion, the Court views the complaint's allegations and the submitted evidence in the light most favorable to Sandridge. Centurion is a Michigan corporation that wanted to hire a new sales manager in Kansas City, Missouri. Centurion retained Medical Recruiters to find suitable candidates for the position and to schedule interviews. Medical Recruiters received Sandridge's resume and decided he was a viable candidate. Although Medical Recruiters scheduled interviews for Sandridge, it did not participate in the interviews and had no input in Centurion's hiring decisions.

Centurion interviewed Sandridge three times, and had scheduled a fourth interview to meet a Centurion vice president. Before another interview was held, Centurion informed Medical Recruiters that it was eliminating Sandridge from contention for the position, and ordered Medical Recruiters to cancel the next interview. It is alleged that a Medical Recruiters representative relayed this information to Sandridge, telling him "the Centurion Vice President wanted someone younger in the position." Compl. at ¶ 13 (Doc. 1-1 at 3).

Sandridge filed a two-count lawsuit in the Circuit Court of Platte County, Missouri, alleging that Centurion decided not to hire him based on his age, in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010–.137. He alleges that Medical Recruiters aided and abetted Centurion in its discrimination, which would also be unlawful under the MHRA. *See* Mo. Rev. Stat. § 213.070(1).

## Discussion

Medical Recruiters moves to dismiss the complaint on two bases: lack of personal jurisdiction, and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(2), (6).

The Court begins with the question of personal jurisdiction over Medical Recruiters. "Personal jurisdiction over a defendant represents the power of a court to enter 'a valid judgment imposing a personal obligation or duty in favor of the plaintiff.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011). Absent personal jurisdiction, the Court must dismiss the defendant. Fed. R. Civ. P. 12(b)(2).

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing a prima facie showing of jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). This burden is "minimal." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). The court assesses that showing "not by the pleadings alone, but by affidavits

and exhibits supporting or opposing the motion." *Fastpath*, 760 F.3d at 820. Where no hearing is held on the motion, as here, the court views all submitted evidence in the light most favorable to the plaintiff and resolves all factual conflicts in his favor. *Viasystems*, 646 F.3d at 592.

Sandridge argues that Medical Recruiters is subject to "specific" personal jurisdiction, which is appropriately exercised when the "causes of action aris[e] from or relate[] to [the] defendant's actions within the forum state." *Id.* at 593. In a diversity case like this one, specific personal jurisdiction exists only to the extent permitted by the forum state's so-called "long-arm statute" and the Due Process Clause of the Fourteenth Amendment. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (holding that the Missouri long-arm statute and the Due Process Clause require distinct inquiries).

Starting with the forum state's long-arm statute, Missouri authorizes personal jurisdiction over defendants who commit certain enumerated acts. Mo. Rev. Stat. § 506.500.1. Sandridge argues that the enumerated act committed by Medical Recruiters is "[t]he commission of a tortious act within this state." *Id.* § 506.500.1(3).

Whether an act falls within this subsection is simply an inquiry into the merits of the underlying tort claim. *See Casino Queen*, 689 F.3d at 910–11. Sandridge's claim here is that Medical Recruiters violated the MHRA by aiding and abetting Centurion in its age discrimination against him. Under Missouri law, a tort grounded in aiding and abetting the wrongdoing of another requires the plaintiff to prove that the defendant affirmatively acted to aid the primary tortfeasor by giving it "substantial assistance or encouragement." *Bradley v. Ray*, 904 S.W.2d 302, 315 (Mo. Ct. App. 1995) (citing the Restatement (Second) of Torts § 876(b)); *see Stoker v. Lafarge N. Am., Inc.*, No. 4:12-CV-0504-DGK, 2013 WL 434049, at *3 (W.D. Mo. Feb. 5, 2013) (applying this definition to an MHRA aiding-and-abetting claim).

3

Sandridge fails to make a prima facie case that Medical Recruiters aided and abetted age discrimination. There is no evidence that Medical Recruiters assisted or encouraged Centurion in any way in making its decision, much less in a "substantial" manner. Medical Recruiters helped Centurion in the hiring process by referring and scheduling applicants, but had no role in Centurion's hiring decisions. The only connection between Medical Recruiters and the supposedly discriminatory decision is Sandridge's allegation that Medical Recruiters told him that Centurion had made its decision based on his age. Medical Recruiters passed along that information *after* Centurion had made its decision; its role was purely ministerial. Therefore, Sandridge has failed to show that Medical Recruiters is subject to personal jurisdiction under Missouri's long-arm statute. *See Bradley*, 904 S.W.2d at 315; Mo. Rev. Stat. § 506.500.1(3).

Because the long-arm statute does not authorize jurisdiction here, the Court must grant Medical Recruiters's motion to dismiss for lack of personal jurisdiction. *See Casino Queen*, 689 F.3d at 909; Fed. R. Civ. P. 12(b)(2). Having dismissed Medical Recruiters on those grounds, the Court declines to evaluate its Rule 12(b)(6) argument.

## Conclusion

Because the Court lacks personal jurisdiction over Medical Recruiters, the Motion to Dismiss (Doc. 9) is GRANTED. All claims against Medical Recruiters are DISMISSED.

**IT IS SO ORDERED.**

Date:  July 15, 2015   /s/ Greg Kays
                       GREG KAYS, CHIEF JUDGE
                       UNITED STATES DISTRICT COURT